UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMMOTHY PAUL KEENAN,                              Case No.1:06-CV-565

    Plaintiff,                                            Hon. Richard Alan Enslen

v.

RICHARD B. STAPLETON,
                                            **JUDGMENT**
    Defendant.            /

    This matter is before the Court on Plaintiff's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of September 18, 2006, which recommends dismissing Plaintiff's Complaint for failure to state a claim. This Court reviews the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Plaintiff is a prisoner incarcerated at the Earnest C. Brooks Correctional Facility by the Michigan Department of Corrections ("MDOC"). Plaintiff was convicted of two major misconducts in 2004, and has alleged that he was deprived of "earned disciplinary credits" because of these convictions.[1] Plaintiff appealed for a rehearing on each of the convictions to Defendant, MDOC Office of Policy and Hearings Administrator Richard B. Stapleton. Defendant denied both of these appeals. Plaintiff then filed this claim, asserting Defendant violated MICH. COMP. LAWS § 791.254 *et seq.* and as a result his due process rights.

    Plaintiff avers that the Magistrate Judge misconstrued his due process claim when she found that Plaintiff's claim was not cognizable under § 1983 because a ruling on the claim would, if

---

[1] The Court notes that in a review of the record, Plaintiff also received at least 15 days of disciplinary time as a result of one of the major misconducts. (*See* Pl.'s Compl., Ex. A)

established, necessarily imply the invalidity of his disciplinary conviction. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed is not cognizable under § 1983 until the conviction has been invalidated.)[2]

Plaintiff argues that he is not contesting his misconduct hearing and loss of good-time credits but rather he is arguing that he was denied his appeal in violation of MICH. COMP. LAWS § 791.254. Plaintiff asserts his due process violation was grounded in the denial of a rehearing and therefore does not necessarily imply the invalidity of the original misconduct hearing and his §1983 claim should go forward. Plaintiff alleges that his right to due process was denied because pursuant to *Hewitt v. Helms*, 459 U.S. 460 (1983), mandatory language in state statutes gives rise to protected liberty interests. However, the precedent Plaintiff relies on was explicitly overruled by the Supreme Court in *Sandin v. Conner*, 515 U.S. 472, 429 (1995). *Id*. ("we believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause.")  Therefore, to the extent Plaintiff alleges that his due process rights were denied because of the mere fact that there was mandatory language within the pertinent state statute, Plaintiff's objection fails.

Plaintiff also appears to object to the Magistrate Judge's assumption that Plaintiff lost good time credit as a result of his major misconduct convictions. However, upon review, it is clear that under Michigan law, a prisoner automatically loses good time credits for the month of his major

---

[2]The Court notes that Plaintiff has made a very vigorous objection to the fact that the Magistrate Judge used his full name on the Report. The purpose behind using full names to identify individuals in an action before this Court is to ensure that they receive notices and pertinent mail from the Court. This objection is without merit.

misconduct disciplinary conviction. *See* MICH. COMP. LAW § 800.33. Further, a prisoner subject to disciplinary time is not eligible for good time, special good time, disciplinary credits, or special disciplinary credits. MICH. COMP. LAW § 800.33(14). Plaintiff received at least 15 days of disciplinary time due to one of the misconduct convictions and therefore, was not eligible for good time during those days. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Timmothy P. Keenan's Objections to the Report and Recommendation (Dkt. No. 5) are **DENIED**, the Report and Recommendation (Dkt. No. 4) is **ADOPTED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to Amend his Complaint (contained in Dkt. No. 5) is **DENIED** as futile.

**IT IS FURTHER ORDERED** that the Court certifies that an appeal from this action would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that dismissal of this action will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
November 17, 2006  RICHARD ALAN ENSLEN
 SENIOR UNITED STATES DISTRICT JUDGE